IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EDWARD C. HANKS, (#N-21633),
PLAINTIFF,

v.

JENNY L. McGARVEY, MAJOR,
INDIVIDUAL AND OFFICIAL CAPACI-
TIES; KAREN RABIDEAU, ASSIGN-
MENT OFFICER INDIVIDUAL AND
OFFICIAL CAPACITIES; TERRI
ANDERSON, ADMINISTRATIVE
REVIEW BOARD CHAIRPERSON, IN-
DIVIDUAL AND OFFICIAL CAPACI-
TARRY WILLIAM, WARDEN OF PRISON,
INDIVIDUAL AND OFFICIAL CAPACI-
TIES; JOHN BALDWIN, DIRECTOR OF
ILLINOIS DEPARTMENT OF CORREC-
TIONS INDIVIDUAL AND OFFICIAL
CAPACITIES; TAIRA J. HOBBS, CORREC-
TIONAL OFFER INDIVIDUAL AND
OFFICIAL CAPACITIES; DEREK I.
JABUREK, CORRECTIONAL OFFICER
INDIVIDUAL AND OFFICIAL CAPACI-
TIES; WILLIE JOHNSON, LIEUTENANT
INDIVIDUAL AND OFFICIAL CAPACI-
TIES; CHANA, CORRECTIONAL OFFICER
INDIVIDUAL AND OFFICIAL CAPACI-

CIVIL CASE NO.

16-cv-2471
Judge James B. Zagel
Magistrate Judge Sidney I. Schenkier
PC9

**FILED**
3/28/2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

PH

RECEIVED
2-19-16
FEB 19 2016 EAG
2-19-16
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1

TIES: AND SERGEANT M<sup>c</sup>DADE, IN-
DIVIDUAL AND OFFICIAL CAPACITIES.
DEFENDANTS.

## THE PARTIES

PLAINTIFF EDWARD C. HANKS, ("PLAINTIFF"), PRO-SE,
AGAINST DEFENDANTS: JENNY L. M<sup>c</sup>GARVEY ("M<sup>c</sup>
GARVEY"), KAREN RABIDEAU ("RABIDEAU"), TERRI
ANDERSON ("ANDERSON"), TARRY WILLIAMS ("WILLIAMS")
JOHN BALDWIN ("BALDWIN"), TAIRA J. HOBBS ("HOBBS"),
DEREK J. JABUREK ("JABUREK"), WILLIE JOHNSON,
("JOHNSON"), OFFICER CHANA ("CHANA"), AND SERGEANT,
(M<sup>c</sup>DADE, STATES AS FOLLOWS:

1.) PLAINTIFF IS AND AT ALL TIMES WAS AN INMATE
CONFINED TO STATEVILLE CORRECTIONAL CENTER, LOCATED
AT 16830 ILLINOIS 53 CREST HILL, P.O. BOX 112 JOLIET
ILLINOIS 60484.

2.) JOHN BALDWIN DEFENDANT, IS THE DIRECTOR
OF THE STATE OF ILLINOIS PRISONS, HE IS LEGAL-
LY RESPONSIBLE FOR THE OVERALL OPERATION
OF THE DEPARTMENT OF CORRECTIONS INCLUDING
STATEVILLE CORRECTIONAL CENTER.

2

3.) TARRY WILLIAMS DEFENDANT, IS THE WARDEN OF STATEVILLE CORRECTIONAL CENTER AT THE RELEVANT TIMES REGARDING THIS COMPLAINT, HE IS LEGALLY RESPONSIBLE FOR THE DAILY WELFARE OF THE PRISON

4.) JENNY L. McGARVEY DEFENDANT IS THE MAJOR AT STATEVILLE CORRECTIONAL CENTER AND IS LEGALLY RESPONSIBLE FOR UNIT-X PROTECTIVE CUSTODY HOUSING UNIT AT ALL TIMES RELEVANT TO THIS COMPLAINT, McGARVEY OVERSEEN THE DAILY OPERATION OF UNIT-X.

5.) TERRI ANDERSON DEFENDANT IS THE CHAIRPERSON OF THE ADMINISTRATIVE REVIEW BOARD (ARB) OF THE ILLINOIS DEPARTMENT OF CORRECTIONS AND AT ALL TIMES MENTIONED HEREIN WAS THE REVIEWING OFFICER ASSIGNED TO REVIEW INMATES GRIEVANCES.

6.) KAREN RABIDEAU DEFENDANT AN EMPLOYEE AT STATEVILLE CORRECTIONAL CENTER WAS ASSIGNMENT OFFICER AT PLACEMENT, THAT PLACED INMATES TO LIVING UNITS, JOBS PROGRAMS AND CELL MOVEMENT.

7.) WILLIE JOHNSON DEFENDANT IS A LIEUTENANT

3

ASSIGNED TO UNIT-X HOUSE PROTECTIVE CUSTODY TO OVERSEE THE DAILY OPERATIONS AT STATEVILLE.

8.) SERGEANT McDADE, DEFENDANT IS ASSIGNED TO UNIT-X HOUSE AT ALL TIMES RELEVANT TO THIS COMPLAINT AND WAS RESPONSIBLE FOR THE DAILY OPERATIONS.

9.) DEREK J. JABUREK DEFENDANT, IS A CORRECTIONAL OFFICER ASSIGNED TO UNIT-X HOUSE RELEVANT AT ALL TIMES TO THIS COMPLAINT.

10.) TAIRA J. HOBBS DEFENDANT IS A CORRECTIONAL OFFICER ASSIGNED TO UNIT-X HOUSE RELEVANT AT ALL TIMES TO THIS COMPLAINT.

11.) CHANA DEFENDANT, IS A CORRECTIONAL OFFICER ASSIGNED TO UNIT-X HOUSE RELEVANT AT ALL TIMES TO THIS COMPLAINT.

## JURISDICTION

12.) JURISDICTION IS PROPER PURSUANT TO 28 U.S.C. 1331 AND 1343(a)(3). THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C, SECTION 1983.

4

PLAINTIFF CLAIM FOR INJUNCTIVE RELIEF ARE AUTHORIZED BY 28 U.S.C. 2283 AND 2284. DECLARATORY RELIEF PURSUANT TO U.S.C. SECTION 2201 AND 2202.

13.) VENUE IS PROPER IN THIS DISTRICT PURSUANT TO U.S.C. 1391 (b)(2), THE PLAINTIEF CLAIMS THAT THE DEFENDANTS, OFFICIALS AT STATEVILLE CORRECTIONAL CENTER, HAVE VIOLATED THE PLAINTIFF'S 1st, 8th, 14th CONSTITUTIONAL RIGHTS AND THE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSON ACT BY 42 U.S.C. 2000 CC-1 THROUGH ACTIONS OF RETALIATION.

THIS ACTION ARISE OUT OF DEFENDANTS BALANT DISREGARD OF THEIR DUTIES RELATED TO PLAINTIFF SUBSTANIAL RIGHTS AND PRIVILEGES THROUGH THEIR INTENTIONAL AND DELIBERATED ACTIONS TO DENY PLAINTIFF FIRST, EIGHT AND FOURTHTEEN AMENDMENTS RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES.

14.) THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANTS BECAUSE AT ALL TIMES RELEVANT TO THIS ACTION DEFENDANTS TRANSACTED BUSINESS IN ILLINOIS. MOREOVER AT ALL TIMES RELEVANT

TO THIS ACTION ECOLIBRIUM MAINTAINED SUB-STANIAL CONTACT WITH ILLINOIS BY TRANSACT-ING BUSINESS WITHIN THE STATE APPROPRIATE VENUE UNDER 28 U.S.C. SECTION 1367.

15.) AFTER NUMEROUS ATTEMPTS TO RESOLVE THESE ISSUES HEREIN WITH THE DEPARTMENT OF CORRECTIONS, STATEVILLE CORRECTIONAL CENTER OFFICIALS DEFENDANTS, STAFF, I AM COMPELLED TO FILE THIS COMPLAINT.

## COMMON ALLEGATIONS OF FACTS

16.) ON OR ABOUT APRIL 16, 2014 PLAINTIFF WAS DISMISSED FROM A DETAIL WORK ASSIGNMENT IN UNIT-X HOUSE APPROVED PROTECTIVE CUSTODY. AFTER INQUIRING TO UNIT-X HOUSE STAFF MAJOR McGARVEY, LT. JOHNSON, OFFICER HOBBS AND OFFICER JABUREK, INDIVIDUALLY OR COLLECTIVELY REGARDING THE UNEQUAL PRACTICE OF ISLAMIC RELIGIOUS SERVICES AND PROGRAMS GRANTED TO GENERAL POPULATION AND THOSE GIVEN TO PROTECTIVE CUSTODY IN UNIT-X HOUSE INMATES IN VIOLATION OF THE PHILLIP MEEKS DECREE NO. 75 C 96 (JULY 1, 1984) AND WILLIAMS V. LANE 851 F.2d 867.

6

PLAINTIFF WAS REMOVED FROM THE WORK DETAIL ASSIGNMENT UNDER THE PRETENSE OF AN ENEMY TO PLAINTIFF (SEE EXHIBITS A-1 - A-4).

17.) THEREAFTER PLAINTIFF WAS CONTINUOUSLY RETALIATED AGAINT BY FIRST BEING PLACED IN DANGEROUS SITUATIONS BY RABIDEAU UNDER THE COMMAND AND INFLUENCE OF McGARVEY, JOHNSON, HOBBS, JABUREK AND McDADE IN UNIT-X WHICH VIOLATED PLAINTIFF's 8th AND 14th AMENDMENTS RIGHTS OF THE UNITED STATES CONSTITUTION BY THEIR RETALITORY CONDUCT (SEE EXHIBITS B1-B-3).

18.) UPON INFORMATION AND BELIEF DEFENDANTS HOBBS, JABUREK AND McDADE INFORMED PLAINTIFF'S CELLMATE (LASHAWN WRIGHT) TO DO BODILY HARM TO PLAINTIFF, WHEREAS PLAINTIFF AVOIDED THE INCIDENT BY BEING PLACED IN SEGREGATION BASED ON FALSE ALLEGATIONS BY JABUREK, WHICH CAUSED PLAINTIFF TO BE REMOVED FROM APPROVED PROTECTIVE CUS-TODY (SEE EXHIBITS B-1 - B-3), ON JUNE 20, 2014.

19.) PLAINTIFF WAS DENIED APPROVED PROTECTIVE

7

CUSTODY AFTER BEING RELEASE FROM SEGREA-
TION BASED ON NO LEGITIMATE SUBSTANIAL RULE
BY WARDEN WILLIAMS (SEE 20 ILL. ADMINISTRA-
TIVE CODE CH. 1 SEC. 501. 300 - SEC. 501. 350. THERE-
AFTER PLAINTIFF WAS PLACED IN UNIT F-HOUSE
A GENERAL POPULATION HOUSING UNIT. PLAINTIFF
WAS ASSIGNED AS AN UN-APPROVED PROTECTIVE
CUSTODY INMATE "OVERFLOW" FROM THE ORIGINAL
PROTECTIVE CUSTODY UNIT-X HOUSE WHICH HOUSE
APPROVED AND UN-APPROVED PROTECTIVE CUSTODY
INMATES. PLAINTIFF WAS THE ONLY SUCH CELL IN
UNIT-F AT ONE TIME FOR MONTHS, IN DIRECT
VIOLATION OF THE CASE LAWS CITED ABOVE AND
PLAINTIFF'S 8th AND 14th AMENDMENTS RIGHTS.
(SEE EXHIBITS C-C1) (B-1), (D).

20.) PLAINTIFF FILED NUMEROUS GRIEVANCES
CONCERNING UNIT-F HOUSE LIVING CONDITIONS, DENIED
COMMISSARY, YARD PRIVILEGES, MAIL TAMPERING AND
THREATS BY GENERAL POPULATION INMATES. PLAINTIFF
WAS THEN PLACED BACK IN UNIT-X HOUSE UN-APPROVED
FOR A SHORT TIME WHERE PLAINTIFF'S PERSONAL PRO-
PERTY WAS CONFISCATED BOGUS BY OFFICER GEESEY
AT THE DIRECTIONS BY McGARVEY, JOHNSON AND

JABUREK EVEN THOUGH EVIDENCE PROVED OTHER-WISE, BY THE DISCIPLINARY TICKET BEING EX-PUNGED (SEE EXHIBITS D, E, F, G, H AND I).

21.) UPON INFORMATION AND BELIEF, BECAUSE PLAINTIFF CONTINUED TO FILE GRIEVANCES AND IS A KNOWN MUSLIM; JOHNSON STATED TO PLAIN-TIFF "HOBBS AND McGARVEY DIDN'T WANT PLAIN-TIFF IN APPROVED PROTECTIVE CUSTODY ON THEIR WATCH OR IN UNIT-X HOUSE." SUGGESTING PLAIN-TIFF SHOULD BE IN GENERAL POPULATION TO BE HURT. IN FACT, EXHITBIT "I" ACKNOWLEDGES THIS TRUTH, WHILE EXHIBIT "K" IN REALITY PROVES PLAINTIFF WAS ONLY APPROVED ON PAPER (SEE ALSO EXHIBITS M & N).

22.) AGAIN, ONCE PLAINTIFF WAS HOUSED IN UNIT-X BY RABIDEAU. PLAINTIFF WAS CELLMATE WITH BRANDY MORGAN #N-13480 IN UPPER EAST-04, UPON INFOR-MATION AND BELIEF THIS INMATE WAS INFORMED TO DO BODILY HARM TO PLAINTIFF BY CHANA, HOBBS AND McGARVEY. ON JUNE 16, 2015 IT WAS ACTUALIZED AND PLAINTIFF WAS ASSAULTED, BUT WAS COMPELLED TO DEFEND HIMSELF. THIS OCCURRED BECAUSE OF THE SPECIAL TIES MORGAN HAD WITH STAFF (SEE EXHIBIT L-1-L-4).

9

PLAINTIFF WAS PHYSICALLY ASSAULTED AND WAS NOT TAKEN FOR MEDICAL TREATMENT, WHERE PLAINTIFF SUFFERRED NECK & BACK INJURIES, STIFFNESS, PAIN AND SORENESS WHICH STILL CONTINUES.

23.) DESPITE PLAINTIFF REQUEST, DEFENDANTS WILLIAMS, ANDERSON, AND BALDWIN CONSISTENTLY DENIED PLAINTIFF APPROVED PROTECTIVE CUSTODY BASED ON McGARVEY, JOHNSON, McDADE, HOBBS, CHANA AND JABUREK INPUT AND THEIR ACTIONS OF RETALIATION BECAUSE PLAINTIFF COMPLAINTS AND GRIEVANCES ABOUT PROTECTIVE CUSTODY CON- DITIONS AND DENIED OPPORTUNITIES OF DISPARITY WITH THE GENERAL POPULATION, THE UNEQUAL TREAT- MENT OF MUSLIM THEREOF. EVEN THOUGH PLAINTIFF HAD BEEN PREVIOUSLY APPROVED PROTECTIVE CUSTODY FOR MORE THAN 20 YEARS (SEE EXHIBIT M ).

24.) PLAINTIFF HAD MADE ATTEMPTS TO COMMUNI- CATE WITH McGARVEY, WHICH WAS MET WITH CONTEMPT AND VERBAL ASSAULTS WHEN McGARVEY STATED "YOU CAN'T HAVE AN DETAIL ASSIGNMENT BECAUSE YOU ARE A MUSLIM AND CAN'T BE TRUSTED, DON'T YOU KNOW WHAT'S HAPPENING IN THE WORLD TODAY WITH MUS- LIMS." UPON INFORMATION AND BELIEF THIS WAS THE

SAME BELIEF HELD BY JOHNSON, HOBBS, McDADE, JARBUREK, CHANA AND MANY OTHER CHRISTIANS STAFF AT STATEVILLE CORRECTIONAL CENTER (SEE EXHIBITS A, B-1, E, F, G, H, AND I).

25.) DEFENDANTS WILLIAMS, ANDERSON AND BALDWIN REFUSAL TO TAKE ACTION SEVERLY AFFECTED PLAINTIFF SAFETY, PUTTING PLAINTIFF AT RISK OF DEATH (SEE EXHIBITS B-1-3, C-1-2, J AND M).

26.) PLAINTIFF HAS EXHAUSTED ALL REQUIRED REMEDIES PRIOR TO LITIGATING, INCLUDING FILING GRIEVANCES, WRITING WARDENS, STAFF AND COUNSELORS AS WELL AS THE ARB, BUT PLAINTIFF HAS NOT OBTAINED RELIEF.

## COUNT-I DEPRIVATION OF RIGHTS

PLAINTIFF ADOPTS AND REALLEGES THE ALLEGATIONS OF PARAGRAPHS 1 THROUGH 26 AS THOUGH FULLY SET FORTH HEREIN AS PARAGRAPH 27 OF ITS COUNT I.

#/NS

EVERY PERSON WHO, UNDER COLOR OF ANY STATUE, ORDIANCE, REGULATION CUSTOM OR USAGE, OF ANY STATE OR TERRITORY OR DISTRICT OF COLUMBIA, SUBJECT OR CAUSES TO BE SUBJECTED ANY CITIZEN OF THE UNITED STATES OR OTHER PERSON WITHIN THE JURISDICTION THEREOF TO THE DEPRIVATION OF ANY RIGHTS, PRIVILEGES OR IMMUNITIES SECURED BY THE CONSTITUTION AND LAW, SHALL BE LIABLE TO THE PARTY INJURED IN AN ACTION AT LAW, SUIT IN EQUITY OR OTHER PROPER PROCEEDING FOR REDRESS, EXCEPT THAT IN ANY ACTION BROUGHT AGAINST A JUDICIAL OFFICER FOR AN ACT OR OMISSION TAKEN IN SUCH OFFICER'S JUDICIAL CAPACITY, INJUNCTIVE RELIEF SHALL NOT BE GRANTED UNLESS A DECLARATORY DECREE WAS VIOLATED OR DECLARATORY RELIEF WAS UNAVAILABLE 42 U.S.C SEC. 1983. ALL EXHIBITS.

28.) PLAINTIFF ACTION CONSTITUTE A DEPRIVATION WHERE DEFENDANTS WAS OBJECTIVELY CULPABLE AS WELL AS REQUIRED TO PROVIDE PLAINTIFF WITH EQUAL TREATMENT AS A MUSLIM (SAFETY, LIVING CONDITIONS IN UNIT-X- HOUSE), AND NOT

12

RETALIATE AGAINST PLAINTIFF BECAUSE PLAINTIFF USED THE GRIEVANCE PROCESS, FILE LITIGATIONS OR REQUESTED THE DECREE IMPLEMENTATION OF THE MEEKS, ALTHOUGH PLAINTIFF DOESN'T HAVE A RIGHT TO A DETAIL ASSIGNMENT, A PRIVILEGE ONCE OBTAINED SHOULD NOT BE TERMINATED WITHOUT DUE PROCESS OR HIS PERSONAL PRO- PERTY CONFISCATED WITHOUT SUCH JUST CAUSE, ALL EXHIBITS.

29.) PLAINTIFF SUFFERRING SERVED ABSOLUTE LY NO PENOLOGICAL PURPOSE AND WAS DONE FOR NO VAILD REASON EXCEPT FOR THE FACT PLAINTIFF IS A MUSLIM AND FILED GRIEVANCE CONCERNING UNIT-X, PROTECTIVE CUSTODY, LIVING CONDITIONS F-HOUSE UNIT AND OTHER INJUSTICE, ALL EXHIBITS.

30.) DEFENDANTS WERE SUBJECTIVELY CULPABLE AS EACH HAD SUFFICIENTLY CULPABLE STATE OF MIND DEFENDANTS WAS DIRECTLY INFORMED OF THE SITUATIONS ON NUMEROUS OCCASSIONS. INCLUDING DIRECT REQUEST FOR APPROVED PROTECTIVE CUSTODY MUSLIMS TO BE PROVIDED WITH THE SAME SERVICES AS GIVEN TO THE GENERAL POPULATION, STOP ALL THE

RETALIATION BECAUSE OF THE FILING OF GRIE-
VANCES, PROVIDE PLAINTIFF WITH A SAFE LIVING
ENVIRONMENT — NOT UNIT-F HOUSE WITH
GENERAL POPULATION OR CELLMATES COMMITTED
TO DO PLAINTIFF BODILY HARM AT THE DIREC-
TION OF STAFF AND RETURN PLAINTIFF'S PER-
SONAL PROPERTY IN WHICH TICKET WAS EX-
PUNGED. ALL EXHIBITS.

31.) DEFENDANTS ACTED DELIBERATED INDIFFER-
ENCE TO THE SAFETY OF PLAINTIFF DESPITE
PLAINTIFF CONSTANT AND REPEATED REQUEST TO
BE RE-APPROVED PROTECTIVE CUSTODY STATUS,
AND DEFENDANTS BOTH EACH INDIVIDUALLY AND
COLLECTIVELY DECIDED TO IN THEIR BEST INTEREST
TO IGNORE PLAINTIFF IN WHICH PLAINTIFF WAS
ASSAULTED, ALL EXHIBITS.

32.) AS A RESULT OF DEFENDANTS ACTIONS PLAIN-
TIFF SUFFERED THROUGH DIFFICULT AND TORTUR-
OUS CONDITIONS BY REPEATED RETALIATION FOR
ALMOST TWO (2) YEARS. THE PROXIMITY OF THESE
ACTS HAVE CAUSED PLAINTIFF MENTALLY AND
PHYSICALLY SUFFERED EFFECTS OF CRUEL AND

RETALIATION BECAUSE OF THE LIVING

UNUSUAL PUNISHMENT AND DUE PROCESS VIOLA-
TIONS UNDER THE 1st, 8th, AND 14th AMEND-
MENTS TO THE UNITED STATES CONSTITUTION
ALL EXHIBITS.

33.) PLAINTIFF HAVE NO PLAIN ADEQUATE
OR COMPLETE REMEDY AT LAW TO REDRESS THE
WRONGS DESCRIBED HEREIN. PLAINTIFF HAS BEEN
ALREADY INJURED IRREPARABLY AND WILL CON-
TINUE TO BE BY THE CONDUCT OF THE DEFENDANTS
UNLESS THIS COURT GRANT THE DECLARATORY AND
INJUNCTIVE RELIEF WHICH PLAINTIFF SEEKS,
ALL EXHIBITS.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAY
THAT THIS COURT ENTER JUDGEMENT GRANTING
PLAINTIFF:

34.) A DECLARATION THAT THE ACTS AND OMIS-
SIONS DESCRIBED HEREIN VIOLATED PLAINTIFF
RIGHTS UNDER THE CONSTITUTION AND LAWS OF
THE UNITED STATES.

15

35.) A PRELIMINARY AND PERMANENT INJUNC-
TION ORDERING DEFENDANTS, McGARVEY, RABIDEAU,
WILLIAMS, BALDWIN, ANDERSON, HOBBS, CHANA,
JOHNSON, JABUREK AND McDADE TO STOP RE-
TALIATION AGAINST PLAINTIFF FOR RELIGIOUS
STATUS, USING THE GRIEVANCE PROCESS, AND
DENYING PLAINTIFF EQUAL TREATMENT, SAFETY,
RIGHTS AND PRIVILEGES AT STATEVILLE CORREC-
TIONAL CENTER, OR TRANSFER PLAINTIFF TO A
PROTECTIVE CUSTODY INSTITUTION WHERE ALL
THE OPPORTUNITIES PROVIDED TO GENERAL POP-
ULATION IS GRANTED TO PLAINTIFF AS WELL WITH
ONE MAN CELL STATUS.


36.) ENTER IN PLAINTIFF FAVOR AND AGAINST
EACH INDIVIDUAL DEFENDANT IN SUCH AMOUNT AS
WILL BE PROVEN AT TRIAL, COMPENSATORY DAMAGES
OF $20.000 JOINTLY AND SEVERALLY, PUNITIVE
DAMAGES OF $25,000 FOR EACH DEFENDANT
OR AN AGGREGATE SUM OF $2,500.000 PLUS
COST AND FEES INCURRED IN BRINGING THIS

16

ACTION, AND FOR ANY FURTHER RELIEF THIS COURT DEEMS JUST AND APPROPRIATE.

37.) PLAINTIFF REQUEST A JURY TRIAL ON ALL TRIALABLE CLAIMS.

RESPECTFULLY SUBMITTED,

Edward Hanks N-21633
EDWARD HANKS,
P.O. Box 112 Joliet, IL.
60434

VERIFICATION

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT MATTERS ALLEGED THEREIN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED UPON INFORMATION AND BELIEF AND, AS TO THOSE I BELIEVE THEM TO BE TRUE. I CERTIFY UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY RECOLLECTION.

EXECUTED AT Joliet.IL.
ON 2-11-16

17

EXHIBIT A-1

Bruce Rauner
Governor



John Baldwin
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender Name: _HANKS, Edward_     Date: _11-2-15_

Register # _N21633_

Facility: _Stateville CC_

This is in response to your grievance received on _12-30-14_. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: _9-12-14_ Grievance Number: _3223_ Griev Loc: _SKA_

○ Transfer denied by the Facility or Transfer Coordinator

○ Dietary _____

○ Personal Property _____

○ Mailroom/Publications _____

○ Assignment (job, cell) _____

○ Commissary _____

○ Trust Fund _____

○ Conditions (cell conditions, cleaning supplies)

○ Disciplinary Report dated _____
   Incident # _____

⊘ Other _Rights/Privileges while in PC_

**Based on a review of all available information, this office has determined your grievance to be:**

○ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.

○ Denied, in accordance with DR504F, this is an administrative decision.

○ Denied, this office finds the issue was appropriately addressed by the facility Administration.

○ Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)

○ Denied, as the transfer denial by the facility/TCO on _____ was reviewed in accordance with transfer procedures and is an administrative decision.

○ Denied as the facility is following the procedures outlined in DR525.

○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.

○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

○ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

_Denied_ Other _Contact made with Chaplain's Office to Request visit from Muslim Representative._
_Does not meet criteria for education at this time. Job Assignments at discretion of CAO_

FOR THE BOARD: _Terri Anderson_     CONCURRED: _John R. Baldwin_
Terri Anderson                        John R. Baldwin
Administrative Review Board           Acting Director

CC: Warden, _Stateville_ Correctional Center
    _HANKS_ , Register No. _N21633_

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

1B

X-0W-01

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO COMMITTED PERSON'S GRIEVANCE**

EXHIBIT A2

| Grievance Officer's Report |
|---|

**Date Received:** 5/19/14     **Date of Review:** 6/27/14     **Grievance #** (optional): 1535

**Committed Person:** Edward Hanks         **ID#:** N21633

**Nature of Grievance:** Staff Conduct – Performance of Duty

**Facts Reviewed:** Grievant wants C. Brown, N02101, removed from his keep separate from list.

A check of OTS does not show C. Brown, N02101, as an enemy claims by the grievant or vice versa.

**Recommendation:**    **Issue appears to be resolved.**

Anna McBee, CCII
Print Grievance Officer's Name         Grievance Officer's Signature
**(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response |
|---|

**Date Received:** 7/1/14      ☑ I concur     ☐ I do not concur     ☐ Remand

**Comments:**

Terry Williams     7/2/14

Chief Administrative Officer's Signature         Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. **(Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)**

Committed Person's Signature         ID#         Date

EXHIBIT A-3

Mr. Edward Hanks
X-House U-E-04
May 7, 2015
N-21633

Ms. Miles CC II
Clinical Service

Dear Ms. Miles:

I am requesting you to initiate the process of removing one Basil Powell A-63927 from my enemy list. I just discovered this long time associate original name and was surprise he was on my enemy list since 2000, Although my current denial by the ARB list only one enemy. It just goes to the point that errors are being made beyond my control.

Thank you for your time and service concerning this matter.

I CAN NOT locate THE ABOVE, WHERE DID YOU GET THIS INFORMATION

FROM. MILE

Sincerely,
Edward Hanks

20

Mr. Edward Hanks N-21633
X-House UE-04

Clinical Service
Ms. Miles CCII

EXHIBIT-A-4

State of Illinois ⟩ SS:
County of Will ⟩

## Affidavit

I, Corwyn Brown, #N02101, do hereby state and depose that the following is true and correct to the best of my knowledge and belief — That I have never had any form of conflict or confrontation with inmate Edward Hanks. I never had any contact with Mr. Hanks that would lead to individual conflict. That since 2003, til approx. 2009, I and Mr. Hanks resided at Menard in its North I Protective Custody unit where we went to recreation, shower, chow, chapel and law library together. And I worked as the unit barber and Mr. Hanks was the gallery worker. There was never an issue or problem between us. In 2010, when transfered to Stateville C.C. I and Hanks did everything together there was never a issue.

For these reason and the adverse effects of seperation from the rest of the P.C. inmates, inability to recieve an assignment because I am declared on his enemy list. I hereby request to be removed formerly due to it being an error or something. In 2000, when he declared me as an enemy. I was at Menard and not around Mr. Hanks. Please remove me from Mr. Hanks enemy list. End —

I, Corwyn Brown — N02101, do hereby declare under penalty of perjury that the foregoing is true and correct.

Corwyn Brown

May 4, 2014

CORWYN BROWN #N02101
STATEVILLE CORRECTIONAL CENTER
POST OFFICE BOX 112
JOLIET, ILLINOIS. 60434

21

MR.

*EXHIBIT-B1*

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** HANKS, EDWARD | **IDOC Number:** N21633 | **Race:** BLK |
| **Hearing Date/Time:** 6/25/2014  09:16 AM | **Living Unit:** STA-X-UW-01 | **Orientation Status:** N/A |
| **Incident Number:** 201401859/1 - STA | **Status:** Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 6/20/2014 | 201401859/1-STA | JABUREK, DEREK J | X-HOUSE | 09:00 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 307 | Unauthorized Movement | Guilty |
| 403 | Disobeying A Direct Order | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

**No Witness Requested**

## RECORD OF PROCEEDINGS
Inmate Hanks N21633 present and DR read. I/M Hanks pleads guilty. Hanks stated that he asked for a crisis team earlier that day and his cell was still open. Hanks said he thought the C/O nodded for him to step out so he did.

## BASIS FOR DECISION
R/O reflects that while keying out the feed line I/M Hanks N21633 of cell XLW-04 stepped out of his cell. R/O ordered Hanks to step back in cell and lock up, Hanks replied "Naw I ain't goin back in." I/M Hanks was identified by his state issued photo id. I/M Hanks plead guilty to the charges. The committee is satisfied that inmate Hanks did in fact violet the charges cited.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 1 Months C Grade | 1 Months C Grade |
| 15 Days  Segregation | 15 Days   Segregation |
| 1 Months Commissary Restriction | 1 Months Commissary Restriction |

**Basis for Discipline:** Nature Of Offense

### Signatures
#### Hearing Committee

| | | | |
|---|---|---|---|
| BEST, CHARLES F  - Chair Person | *Charles Best* | 06/25/14 | BLK |
| | Signature | Date | Race |
| SMITH, CYNTHIA A | *Cynthia A Smith* | 06/25/14 | WHI |
| | Signature | Date | Race |

Recommended Action Approved

## Final Comments: N/A

| | | |
|---|---|---|
| TARRY D WILLIAMS / VPC  7/9/2014 | *T. Williams* | 07/09/14 |
| **Chief Administrative Officer** | **Signature** | **Date** |

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

| | | |
|---|---|---|
| Employee Serving Copy to Committed Person | 7/24/14  2:00 pm | |
| | **When Served - - Date and Time** | |

**22**

*EXHIBIT B-1*

## Stateville Correctional Center

# WARDEN'S BULLETIN #2015-71

## September 15, 2015

TO:  ALL STAFF

RE:  <u>IDOC MISSION AND VISION STATEMENTS</u>

### <u>MISSION:</u>

To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.

### <u>VISION:</u>

- We will operate safe, secure, and humane correctional facilities.
- We will provide quality services to those who require medical and mental health treatment.
- We will evaluate offenders individually and develop an appropriate course of action based on individual needs.
- We will reduce recidivism by offering seamless, efficient services that are geared toward offender rehabilitation.
- Staff is our greatest asset and we will ensure that all staff is trained to the highest professional level.
- This is a team-based environment where open communication and sharing new ideas are encouraged.
- We value the well-being of IDOC staff and offenders and will serve the people of Illinois with compassion and fairness.

**Nicholas Lamb**
**A/W of Operations**

### <u>**TO BE READ AT ROLL CALL FOR SEVEN (7) CONSECUTIVE DAYS**</u>

NL/tlw

**Bulletin**
**Staff**
**STA/NRC/MSU**
**Northern Region Deputy Director**

**23**

*EXHIBIT B-3*



**Illinois**
Department of
**Corrections**

**BRUCE RAUNER**
Governor

**Donald Stolworthy**
**Director**

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

Offender Name: *Hanks, Edward*　　　　Date: *6/11/15*

Register # *N21633*

Facility: *Stateville CC*

This is in response to your grievance received on *1/23/15*. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: *10/28/14* Grievance Number: *3250* Griev Loc: *Stateville*

○ Transfer denied by the Facility or Transfer Coordinator

○ Dietary _____

○ Personal Property _____

○ Mailroom/Publications _____

○ Assignment (job, cell) _____

○ Commissary _____

○ Trust Fund _____

○ Conditions (cell conditions, cleaning supplies)

○ Disciplinary Report dated _____
　　Incident # _____

☒ Other *Staff Conduct - K. Babideau*
*jeopardizing safety & privileges*

Based on a review of all available information, this office has determined your grievance to be:

○ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____

○ Denied, in accordance with DR504F, this is an administrative decision.

☒ Denied, this office finds the issue was appropriately addressed by the facility Administration.

○ Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)

○ Denied, as the transfer denial by the facility/TCO on _____ was reviewed in accordance with transfer procedures and is an administrative decision.

○ In addition, property items are to be disposed of in accordance with DR501C.

○ Denied as the facility is following the procedures outlined in DR525.

○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.

○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

○ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

○ Denied as the security staff are following the established schedule for dispensing cleaning supplies to the offender when possible.

☒ Other: *Staff misconduct cannot be substantiated*

FOR THE BOARD: *Leslie McCarty*　　CONCURRED: *[signature]*
Leslie McCarty　　　　　　　　　　　　　Donald Stolworthy
Administrative Review Board　　　　　　　Director
　　　　　　　　　　　　　　　　　　　　*6/12/15*

CC: Warden, *Stateville* Correctional Center
*Hanks, Edward*, Register No. *N21633*

*24*

*EXHIBIT C-1*

PLEASE SIGN & RETURN TO LAW LIBRARY!

WORK ORDER REQUEST FORM

DATE RECEIVE:

RESEARCHED BY:

NAME: *Hanks* I.D.# *N 21633* LOCATION: *X-UE-04*

This inmate has requested legal assistance. Materials requested are listed:

PER Counselor, once you are Released FOR SEG, you can request PC by Completing a PC Contract and it being Approved by the Shist Commander. At that Point, you will be placed at the PCU se in a PC cell at F-House

ALSO: PER MR. Baldwin Your Case is pending Review

Signature of approval: *T. Daniel* (STAFF)

Case Law: # of Cases, Total # of Pages_____ Buy:_____

Copies:_____ Cost:_____

WORK ORDER DELIVERED ON: *5/22/15* BY: *Mail*

Acknowledge receipt of the copies and agree to pay the amount:_____

RESIDENT NAME AND NUMBER *Edward Hanks N-21633*

**25** SIGN & RETURN:

*EXHIBIT-C-2*



## Illinois
## Department of
## Corrections

**Bruce Rauner**
Governor

**Donald Stolworthy**
Director

**Stateville Correctional Center**
**Route 53, P.O. Box 112**
**Joliet, IL 60434**

**Telephone: (815) 727 -3607**
**TDD: (800) 526-0844**

May 22, 2015

**Inmate: Edward Hanks- N21633- X-UE-04**

**RE: Inmate Issues- PC**

Dear Mr. Hanks:

This is in response to your recent communication to me regarding an issue or concern that you expressed. Your concerns are being reviewed and referred if necessary to the appropriate individual for resolution.

DR 501.320 does state in part that when considering placement for an offender in PC, his *disciplinary history* is also to be considered (among a lot of other things). PC is a privilege not a right.

If there is a need for additional information or a formal response you will be notified in writing. I appreciate that you took the time to communicate your concerns and observations to me.

I trust this is responsive to your request.

Sincerely

Tarry Williams
Warden

TW/jal

26

*EXHIBIT-D*

STATE OF ILLINOIS
·County of WILL } ss

## ATTESTATION

I, BRIAN DUGAN, AFFIANT, deposes AND STATES THAT I have
PERSONAL KNOWledge OF THE Facts Set Forth in THIS INSTRUMENT,
THAT I AM Competent To Testify And if Called To Testify would
STATE AS Follows:

**1.** I AM AN inmate who has been INCARCERATED in THE Illinois
Department OF Corrections, STATEVille BRANCH, From November 1,
2012 Through December 7, 2014. **("SCC")**

**2.** During my time in SCC I spent Approximately 9 months in
F-House **("THUNderdome")** As either AN Administrative detention,
disciplinary Segregation or protective Custody prisoner. **("PC")**

**3.** My Conditions OF Confinement As a protective Custody
prisoner in THE THUNDERdome Failed To provide PC inmates
physical Access To The Library Facilities, Communal dining
priviledges, Academic or Vocational Schooling, Access To The
gym, Jobs And/or religious Services.

**4.** Food is delivered To PC inmates in THE THUNDERdome in A
Small STyrAFoam Tray, Smaller portion Sizes, No Condiments,
No Salt or pepper, No Juice And The Food is Always Cold.

**5.** Insects, especially cockroaches, And Vermin, INFest The
THUNderdome, crawling All over THE Cellhouse And inmate
Living Areas. Birds Live in The Cellhouse. As a result of these
INFestations The Surfaces in each Cell I've occupied under
THE THUNDERdome Are CONTAMiNated with excrement From
these Creatures. ROACH Feces Are Tiny Brown Pin Head Sized
Filth That Are extremely difficult To See And Clean.

**6.** The exterminator visits The prison Frequently. He does
Not Spray The entire Cellhouse Nor The interiors OF MosT
Cells. Mouse Traps Are Not deployed All over The Cellhouse.
Based on Information And belief it Appears THAT The extermi-
Nators efforts To eradicate pests is inAdequate.

**7.** I WAS INCARcerated in SCC's THUNderdome for brief
periods between 1986 And 2014. THE THUNDERdome WAS
INFested with insects And Vermin At those Times As well.
Birds Flew Throughout the Cellhouse.

**27**

EXHIBIT-D
CONTINUE

8. I witnessed the exterminator fill up his empty sprayer during his tour of X-house in 2013. He used water from the tap in the lower center mop room after he ran out of poison. Based on information and belief the insufficient extermination of pests is intentional, in order to continue the prison pest extermination contract to garner money for kick backs to IDoc kleptocrats.

9. The Thunderdomes' infrastructure is crumbling into disrepair. Cells have broken windows, malfunctioning radiators, leaking toilets, sinks, ceilings and decades of old paint peeling off the walls.

10. The telephones on the gallery where PC is housed is controlled by general population inmates who routinely deny PC inmates access to phone calls.

11. The Thunderdome derives its nickname from the constant noise generated by the 450 men incarcerated in the unit. The cellhouse has no sound dampening tiles installed on surfaces to control noise nor does the administration enforce a noise policy. Based on belief and information the noise in the Thunderdome constantly rumbles at a range of 50 to 80 decibles from 7 a.m. to 1 AM on the vast majority of days.

## Verification By Certification

Under penalties as provided by law pursuant to section 1-109 of the Code of Civil procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes same to be true.

AFFIANT Further Sayeth Naught

Dated: December 7, 2014

AFFIANT:

Brian Dugan
A60862
Thunderdome 359

28

2 of 2

*EXHIBIT-E*



**Illinois**
Department of
**Corrections**

**BRUCE RAUNER**
Governor

**Donald Stolworthy**
**Director**

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

Offender Name: _Hanks, Edward_     Date: _6/11/15_

Register # _N21633_

Facility: _Stateville CC_

This is in response to your grievance received on _1/23/15_. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

**Your issue regarding:** Grievance dated: _12/8/14_  Grievance Number: _34_  Griev Loc: _Stateville_

○ Transfer denied by the Facility or Transfer Coordinator

☒ Commissary _Denied to shop by_
_C/O Durrett_

○ Dietary _____

○ Trust Fund _____

○ Personal Property _____

○ Conditions (cell conditions, cleaning supplies)

○ Mailroom/Publications _____

○ Disciplinary Report dated _____
   Incident # _____

○ Assignment (job, cell) _____

○ Other _____

Based on a review of all available information, this office has determined your grievance to be:

○ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.

○ Denied as the facility is following the procedures outlined in DR525.

○ Denied, in accordance with DR504F, this is an administrative decision.

○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.

☒ Denied, this office finds the issue was appropriately addressed by the facility Administration.

○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

○ Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)

○ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

○ Denied, as the transfer denial by the facility/TCO on _____ was reviewed in accordance with transfer procedures and is an administrative decision.

○ In addition, property items are to be disposed of in accordance with DR501C.

○ Denied as the security staff are following the established schedule for dispensing cleaning supplies to the offender when possible.

☒ Other: _Discipline of staff is an administrative decision_

FOR THE BOARD: _Leslie McCarty_     CONCURRED: _Stolworthy_
Leslie McCarty                                    Donald Stolworthy
Administrative Review Board                        Director
                                                   6/12/15

CC:  Warden, _Stateville_ Correctional Center
     _Hanks, Edward_, Register No. _N21633_

29c

*EXHIBIT-F*



**Illinois**
Department of
**Corrections**

**BRUCE RAUNER**
Governor

**Donald Stolworthy**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

Offender Name: _Hanks, Edward_   Date: _4/1/15_

Register # _N21633_

Facility: _Stateville_

This is in response to your grievance received on _10/30/15_. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: _9/25/14_ Grievance Number: _3221_ Griev Loc: _Stateville_

○ Transfer denied by the Facility or Transfer Coordinator

○ Dietary _____

○ Personal Property _____

☒ Mailroom/Publications _Empty Envelopes_

○ Assignment (job, cell) _____

○ Commissary _____

○ Trust Fund _____

○ Conditions (cell conditions, cleaning supplies)

○ Disciplinary Report dated _____
   Incident # _____

○ Other _____

**Based on a review of all available information, this office has determined your grievance to be:**

○ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.

○ Denied, in accordance with DR504F, this is an administrative decision.

☒ Denied, this office finds the issue was appropriately addressed by the facility Administration.

○ Denied, in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)

○ Denied, as the transfer denial by the facility/TCO on _____ was reviewed in accordance with transfer procedures and is an administrative decision.

○ In addition, property items are to be disposed of in accordance with DR501C.

☒ Denied as the facility is following the procedures outlined in DR525.

○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.

○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

○ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

○ Denied as the security staff are following the established schedule for dispensing cleaning supplies to the offender when possible.

☒ Other: _Monetary compensation is beyond the scope of the ARB_

FOR THE BOARD: _Leslie McCarty_   CONCURRED: _Donald Stolworthy_
Administrative Review Board   Director
   _DA_
   _4/3/15_

CC: Warden, _Stateville_ Correctional Center
   _Hanks, Edward_ , Register No. _N21633_

**30**



## Illinois
Department of
## Corrections

**BRUCE RAUNER**
Governor

**Donald Stolworthy**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

Offender Name: _Hanks, Edward_     Date: _4-22-15_

Register # _N21633_

Facility: _Stateville CC_

This is in response to your grievance received on __11/6/14__. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: _9/26/14_ Grievance Number: _3215_ Griev Loc: _Stateville_

- ○ Transfer denied by the Facility or Transfer Coordinator
- ○ Dietary _____
- ○ Personal Property _____
- ○ Mailroom/Publications _____
- ○ Assignment (job, cell) _____

- ○ Commissary _____
- ○ Trust Fund _____
- ○ Conditions (cell conditions, cleaning supplies)
- ○ Disciplinary Report dated _____ Incident # _____
- ✗ Other _Staff Conduct - Failure of Counselor_

Based on a review of all available information, this office has determined your grievance to be: _Harris to process grievances_

- ○ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.

- ○ Denied, in accordance with DR504F, this is an administrative decision.

- ✗ Denied, this office finds the issue was appropriately addressed by the facility Administration.

- ○ Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)

- ○ Denied, as the transfer denial by the facility/TCC on _____ was reviewed in accordance with transfer procedures and is an administrative decision.

- ○ In addition, property items are to be disposed of in accordance with DR501C.

- ○ Other: _____

- ○ Denied as the facility is following the procedures outlined in DR525.

- ○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.

- ○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

- ○ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

- ○ Denied as the security staff are following the established schedule for dispensing cleaning supplies to the offender when possible.

FOR THE BOARD: _Leslie McCarty_     CONCURRED: _Donald Stolworthy_
Leslie McCarty     Director
Administrative Review Board     7A
5/11/15

CC:   Warden, _Stateville_ Correctional Center
_Hanks, Edward_, Register No. _N21633_

_31_

EXHIBIT-H



**Illinois**
Department of
**Corrections**

**BRUCE RAUNER**
Governor

**Donald Stolworthy**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

Offender Name: _Hanks, Edward_     Date: _4-22-15_

Register # _N21633_

Facility: _Stateville CC_

This is in response to your grievance received on _11/21/14_. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: _9/12/14_ Grievance Number: _3185_ Griev Loc: _Stateville_

○ Transfer denied by the Facility or Transfer Coordinator

○ Dietary _____

☒ Personal Property _Confiscated calculator_

○ Mailroom/Publications _____

○ Assignment (job, cell) _____

○ Commissary _____

○ Trust Fund _____

○ Conditions (cell conditions, cleaning supplies)

○ Disciplinary Report dated _____
   Incident # _____

○ Other _____

Based on a review of all available information, this office has determined your grievance to be:

○ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.

○ Denied, in accordance with DR504F, this is an administrative decision.

☒ Denied, this office finds the issue was appropriately addressed by the facility Administration.

○ Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)

○ Denied, as the transfer denial by the facility/TCO on _____ was reviewed in accordance with transfer procedures and is an administrative decision.

○ In addition, property items are to be disposed of in accordance with DR501C.

○ Denied as the facility is following the procedures outlined in DR525.

○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.

○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

○ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

○ Denied as the security staff are following the established schedule for dispensing cleaning supplies to the offender when possible.

☒ Other: _Offender failed to provide proof to ARB of ownership of calculator. Discipline of staff is an administrative issue._

FOR THE BOARD: _Leslie McCarty_     CONCURRED: _Donald Stolworthy_
Leslie McCarty                         Donald Stolworthy
Administrative Review Board                   Director
                                                    5/11/15

CC: Warden, _Stateville_ Correctional Center
    _Hanks, Edward_ , Register No. _N21633_

32

EXHIBIT-I

# STATE OF ILLINOIS – DEPARTMENT OF CORRECTIONS
## PROGRAM COMMITTEE
### FINAL SUMMARY REPORT

Name: HANKS, EDWARD

Hearing Date/Time: 5/8/2015  01:25 PM

Incident Number: 201501294/1 - STA

IDOC Number: N21633

Living Unit: STA-X-UE-04

Status: Expunged Final

Race: BLK

Orientation Status: N/A

| Date | Ticket # | Incident Officer | Location | | Time |
|------|----------|------------------|----------|---|------|
| 5/1/2015 | 201501294/1-STA | TEAM, TACT | X-HOUSE | | 08:30 AM |

| Offense | Violation | | Final Result |
|---------|-----------|---|--------------|
| 308 | Contraband/Unauthorized Property | | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|--------------|------------|--------------|----------------|

**No Witness Requested**

## RECORD OF PROCEEDINGS
REPORT READ INMATE STATED  THIS IS MY RADIO. THE CASSETTE PLAYER DOESN'T WORK AND ONLY THE RADIO WORK. YOU CAN'T RECORD ON THIS  BLACK DECK RADIO CASSETTE DUE TO  CASETTE BEING BROKEN. INMATE PRODUCED A OLS DUMMARY ON THE ISSUE THAT WAS DISMISSED WHEN LT JOHNNIE FRANKLIN CHAIRED THE COMMITEE AND HE PRODUCED ANOTHER LETTER HE  TYPED IN 2012 TO A LT WHILE AT MEN CC TO TRY AND GET HIS CASSETTE COMPONENT FIX

## BASIS FOR DECISION
INMATE PRODUCED DOCUMENTATION TO SHOW RADIO WAS RETURNED TO HIM OVER PREVIOUS ISSUED IDR OVER THE SAME CHARGED AND PROOF THAT CASSETTE TAPE PLAYER DOESN'T WORK.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|-------------|-------|
| | ---- E X P U N G E D ---- |

Basis for Discipline:

**Signatures**
**Hearing Committee**

JOHNSON, ADA L  - Chair Person

Signature _____ Date 05/08/15  BLK

Recommended Action Approved

**Final Comments:** N/A

TARRY D WILLIAMS / NRL  5/19/2015

**Chief Administrative Officer**

05/19/15

Signature _____ Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

Employee Serving Copy to Committed Person

5/19/15  1134a Urban

**When Served  - - Date and Time**

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**HEARING OF ADMINISTRATIVE REVIEW BOARD**
Video Conference

*DATE OF HEARING*: March 12, 2015

*INSTITUTION*: Stateville Correctional Center

*GRIEVANT NAME*: Edward Hanks, Register No. N21633

*BOARD MEMBERS PRESENT*: Terri Anderson, Administrative Review Board Chairperson, Office of Inmate Issues, Department of Corrections.

Grievant was personally interviewed by the Administrative Review Board. All information submitted to the Board by the Grievant, and the institution related to the issue being grieved, was reviewed. Issues warranting further action / consideration were discussed with the Stateville Correctional Center administration.

Nature of Grievance: Inmate Hanks is grieving denial of Protective Custody.

Findings: The Board notes the inmate is currently serving a 60 year sentence. Records reflect an admission date of May 16, 1997 and release date of December 23, 2042.

Grievant has been housed at the Stateville Correctional Center since November 13, 2013. An affiliation with Vice Lord STG is noted. The grievant has several declared enemies, however currently only one is at Stateville.

The Board reviewed the Protective Custody Status sheet. Grievant requested Protective Custody stating: Upon my initial arrest in January 1993 I was placed in Protective Custody due to my high profile case. I was well known and because of such my life has been threatened, stabbed in county jail I connection with my case. Although the case is old individuals still identify me upon sight and continue to use my case history as a threat. Warden denied requested placement on September 13, 2014.

Inmate's statement to ARB: Been in PC since 1992 because of cases. Individuals involved in Vice Lord organization threatened my life. Left PC because Shawlawn Wright threatened me, over case. Always someone that knows of case.

While offender was approved for PC in 1998 there is no information to indicate or support that the safety issue exists at Stateville CC.

Recommendations: Based on a review of all information, it is the opinion of the Board that there is not sufficient information to warrant the offender's retention in Protective Custody and therefore should be released to general population.

*FOR THE BOARD*: _____
Terri Anderson
Administrative Review Board Chairperson
Office of Inmate Issues

*CONCURRED*: Donald Stolworthy   March 24, 2015
Donald Stolworthy
Director

cc:   Warden, Stateville Correctional Center
      Edward Hanks, Register No. N21633

34

EXHIBIT-K
X-UE-04

ILLINOIS DEPARTMENT OF CORRECTIONS

**Administrative Review Board**
**Return of Grievance or Correspondence**

Offender: _Hanks_ _Edward_ _MI_ _N21633_
Last Name          First Name          MI          ID#

Facility: _Stateville CC_

☐ Grievance: Facility Grievance # (if applicable) _____ Dated: _3/24/15_ or ☐ Correspondence: Dated: _____

Received: _3/31/15_ Regarding: _PC- Requests PC_
Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**
☐ Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.
☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.
☐ Provide dates of disciplinary reports and facility where incidents occurred.
☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL 62794-9277

**Misdirected:**
☐ Contact your correctional counselor regarding this issue.
☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.
☐ Contact the Record Office with your request or to provide additional information.
☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.
☐ Address concerns to: Illinois Prisoner Review Board
319 E. Madison St., Suite A
Springfield, IL 62706

**No further redress:**
☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.
☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.
☐ This office previously addressed this issue on _____.
Date
☐ No justification provided for additional consideration.

Other (specify): _Offender is in PC. Grieve moot_
_as of 3/30/15_

Completed by: _Leslie McCarty_     _Leslie McCarty_     _4/28/15_
Print Name                    Signature              Date

Distribution: Offender
Inmate Issues

Printed on Recycled Paper

DOC 0070 (Rev.4/2013)

35

*EXHIBIT-L-1*

# STATE OF ILLINOIS - DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** HANKS, EDWARD     **IDOC Number:** N21633     **Race:** BLK

**Hearing Date/Time:** 6/23/2015   09:39 AM     **Living Unit:** STA-F-01-36     **Orientation Status:** N/A

**Incident Number:** 201501788/1 - STA     **Status:** Final

## BASIS FOR DECISION
R/O observed inmate Hanks N21633 on top of inmate Morgan N13480 arms interlocked with each other on the bottom bunk.
Inmate Morgan N13480 T shirt was ripped.
Inmate Hanks N21633 identified by his state issued id card.
Inmate Hanks N21633 told the committee that he did fight back.
The committee is satisfied that inmate Hanks N21633 did in fact violate the charges cited.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 1 Months C Grade | 1 Months C Grade |
| 1 Months Segregation | 1 Months Segregation |
| 1 Months Commissary Restriction | 1 Months Commissary Restriction |

**Basis for Discipline:** NATURE OF OFFENSE

## Signatures
### Hearing Committee

| | Signature | Date | Race |
|---|---|---|---|
| BEST, CHARLES F - Chair Person | *Charles Best* | 06/23/15 | BLK |
| WHITTINGTON, KEVIN D | *signature* | 06/23/15 | WHI |

Recommended Action Approved

**Final Comments:** N/A

TARRY D WILLIAMS / NRL  6/30/2015        *signature*    06/30/15

**Chief Administrative Officer**                  **Signature**      **Date**

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

*signature*                    7/8/15  1540 *signature*

**Employee Serving Copy to Committed Person**          **When Served -- Date and Time**

*3b*

EXHIBIT-L-2

State of Illinois )
                  ) SS
County of Will    )

## Affidavit

I, Robert M. Mead B89739 being first duly sworn under oath depose and state that the foregoing is true and correct and made upon personal Knowledge and I am competent to testify thereto.

On June 16, 2015 I heard inmate Brandy Morgan N-13480 (Whom I Know very well by some association, and him talking much on the gallery) Tell his cellmate Edward Hanks N-21633, He was going to stomp his brains out, Kick his ass, Etc, Etc In a loud voice as soon as Officer Chana leave the gallery. The officer was at upper East 08 mr. Wells cell, I was in upper East 07 next door. I was never called as a witness, although I offered to, After I heard her ask mr. Wells what he saw. We were all in the cells when the incident occurred.

Affiant further sayeth not.

I swear under the penalty of perjury to the above Facts.

Date: January 30, 2016

Robert M. Mead
B-89739

_Robert M. Mead_

P.O. Box 112
Joliet, IL 60434

37

STATE OF ILLINOIS }
} SS
COUNTY OF WILL }

EXHIBIT L-3

## AFFIDAVIT

I, ROBERT JONES, BEING FIRST DULY SWORN UNDER OATH DEPOSE AND STATE THAT THE FOREGOING IS TRUE AND CORRECT AND MADE UPON PERSONAL KNOWLEDGE AND I AM COMPETENT TO TESTIFY THERETO.

EARLY MORNING OF JUNE 16, 2015, I HEARD BRANDY MORGAN N-13480 VOICE THREATENING EDWARD HANKS N-21633 IN 04 CELL UPPER EAST IN XHOUSE, THE UNIT FOR PROTECTIVE CUSTODY. HE WAS SAYING HE WOULD KILL HIM, BEAT HIS ASS AND A LOT OF OTHER STUFF, OFFICER CHANA WAS DOWN THE GALLERY AT UPPER EAST 08, AS SOON AS HE WALKED OFF THE GALLERY, I HEARD FLESH SMACKING FLESH AND THEN A FEW MOMENTS LATER TUSSLING AS LIKE A FIGHT GOING ON IN THEIR CELL.

AFFIANT FURTHER SAYETH NOT, I SWEAR UNDER THE PENALTY OF PERJURY TO THESE STATEMENTS.

SIGNED AND SWORN TO BEFORE ME ON THIS 3rd DAY of February 2016.

David Mansfield
NOTARY PUBLIC

Robert Jones
ROBERT JONES
K00978
P.O. BOX 112
JOLIET, IL 60434

"OFFICIAL SEAL"
DAVID MANSFIELD
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10/26/2018

38

EXHIBIT-L4

STATE OF ILLINOIS )
)  SS
County of Will )

AFFIDAVIT

I FRANK MORGAN, THE UNDERSIGNED AND AUTHOR OF THIS AFFIDAVIT WAS ASSIGNED IN INMATE MORGAN'S CELL WHO HAS THE SAME LAST NAME AS MY OWN, HIS NUMBER IS N-13480.

I WAS PUT IN THIS CELL WHILE I WAS ON A HUNGER STRIKE, MOVED FROM DELTA HOUSE TO X HOUSE AND TOLD I HAD TO GO IN THE CELL WITH THIS INMATE INVIOLATION OF THE STRIKE RULES. WHICH STATE THAT INMATE ARE TO BE ASSIGNED TO SINGLE CELLS WHILE ON HUNGER STRIKE.

THIS INMATE TRIED TO INTIMIDATE THE ABOVE NAMED PERSON WITH THREATS ABOUT WHAT HE WOULD DO TO ME IF THEY DON'T MOVE ME OUT OF HIS CELL. HE TOLD ME HE WAS A "GD" AND THAT I WAS IN HIS WAY, AND HE WAS GOING TO ASSAULT ME IF I DON'T MOVE. I WAS SLEEPING ON MY PROPERTY BOX BECAUSE I WAS UNABLE TO CLIMB ON THE TOP BUNK. THIS WRITER IS 63 YEARS OF AGE WITH A BAD BACK FROM CAR INJURY. SECURITY STAFF PLACED ME IN THE CELL WITH THIS INMATE KNOWING HE IS A SECURITY THREAT GROUP MEMBER.

Date: 6/25/2015

Frank Morgan
Reg. No. C#75184

39

EXHIBIT M



**Illinois**
**Department of**
**Corrections**

**Bruce Rauner**
Governor

**Gladyse C. Taylor**
Acting Director

1301 Concordia Court • P.O. Box 19277
Springfield IL 62794-9277

Telephone: (217) 558-2200
TDD: (800) 526-0844

June 23, 2015

Edward Hanks
Register No. N21633
Stateville Correctional Center

Dear Mr. Hanks:

This is in response to your recent request for Protective Custody placement. In accordance with DR501D, the Stateville Correctional Center administration notified you that your request for protective custody was denied on May 13, 2015. This office has determined the issue will be addressed without a formal hearing.

A prior review was conducted by the Administrative Review Board relative to the denial of protective custody placement while at the Stateville Correctional Center. The Director denied the request for protective custody placement at that time.

In your recent request dated March 27, 2015, you state you have been housed in Protective Custody for over 20 years due to a conviction of 7 sexual assault cases which was highly televised. Because of such known and unknown family members of victims has threaten my life along with Vice Lords to whom members were associated. I left PC because a new threat arose when Shawlawn Wright threaten me because of my case that's constantly broadcast because I am still in court. His family works here.

This is the same reason that Hanks provided in the March 12, 2015 hearing. Hanks provides no specific individuals that have threatened him nor any information regarding victims related to anyone incarcerated. Offenders are continually reviewed while in Protective Custody to evaluate the necessity of continued protective custody placement. There is no evidence to support continued placement.

Therefore, this office recommends Offender Hanks request for Protective Custody placement be denied and he be returned to General Population.

For The Board: _____
Terri Anderson
Administrative Review Board
Office of Inmate Issues

Concurred: _____
Gladyse C. Taylor
Acting Director                6/23/15

CC: Warden, Stateville CC
        Edward Hanks, Register No. N21633



Bruce Rauner
Governor

John Baldwin
Acting Director



*EXHIBIT-N*

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

November 18, 2015

Edward Hanks
Register No. N21633
Stateville Correctional Center

Dear Mr. Hanks:

This is in response to your recent request for Protective Custody placement. In accordance with DR501D, the Stateville Correctional Center administration notified you that your request for protective custody was denied on July 16, 2015. This office has determined the issue will be addressed without a formal hearing.

Two prior reviews have been conducted by the Administrative Review Board relative to the denial of protective custody placement while at the Stateville Correctional Center. The Director denied the request for protective custody placement in those reviews.

In your recent request dated July 16, 2015, you state you were assaulted in the county jail and that problems continue to exist because of high profile case regarding aggravated sexual assaults, Vice Lord gangsters like recent incident with Brandy Morgan assaulting me while waiting for PC approval. Harassment by staff because family and friends dislike my charge without knowing the details.

These are essentially the same reasons as provided in past reviews. The claim of safety concerns has not been substantiated.

Therefore, this office recommends Offender Hanks' request for Protective Custody placement be denied and he be returned to General Population.

For The Board: _____
Terri Anderson
Administrative Review Board
Office of Inmate Issues

Concurred: _____
John Baldwin
Acting Director

CC: Warden, Stateville CC
Edward Hanks, Register N21633

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

41

# PREVIOUS LAWSUITS FILED

A. NAME OF CASE: HANKS V. FAIRMAN, et.al.

    APPROXIMATE FILING DATE: 1994

B. NAME OF CASE HANKS V. DONALD SNYDER, etal.

    01-C-4896

    APPROXIMATE FILING DATE: 2001

C. NAME OF CASE: HANKS V. STATE OF ILLINOIS

    02-CC-4730

    APPROXIMATE FILING DATE: 2002

D. NAME OF CASE: HANKS V. ANTHONY RAMOS, etal.

    06-195GPm

    APPROXIMATE FILING DATE: 2006

E. NAME OF CASE: HANKS V. DARRYL EDWARD, etal.

    09-CV-03024

    APPROXIMATE FILING DATE: 2009

42

IN THE UNITED STATES DISTRICT COURT

**U.S. Department of Justice**

Civil Division

_Washington, DC 20530_

JUL 2 4 2014

Mr. Edward Hanks
P.O. Box 112
Joliet, Illinois 60434

Dear Mr. Hanks:

Thank you for your letter from April 28, 2914, to the United States Department of Justice concerning your legal issues. Your letter was forwarded to the Civil Division of the Department for response.

It does not appear as though this is a matter for the Federal Government. The Department of Justice does not have direct oversight over the administration of a prison in the state of Illinois.

We thank you for your inquiry and regret that the Department of Justice cannot be of further assistance to you in this matter.

Sincerely,

Communications Office
Civil Division
U.S. Department of Justice

Ref. 169099/FF

48

LAW OFFICES OF

# MORRISROE & ASSOCIATES, LTD.

114 S. BLOOMINGDALE ROAD
BLOOMINGDALE, ILLINOIS 60108-1239

TELEPHONE (630) 539-0880
FACSIMILE (630) 539-0820

CONFIDENTIAL LEGAL CORRESPONDENCE INSIDE

December 18, 2015

Edward Hanks
Inmate #N21633
Stateville Correctional Center
P.O. Box 112
Joliet, Illinois 60434

**Re:** **Request for Engagement as Counsel**

Dear Edward:

This letter will serve to confirm that, after reviewing the information provided, we will not be handling your case. Accordingly, no action will be undertaken on your behalf. We strongly urge you to consult with other legal counsel of your choosing. There is a potential statute of limitations issue in this matter that is upcoming in your case, so please do not hesitate if you wish to seek other legal counsel.

We appreciate your decision to contact us and wish you the best of luck in pursuing your claims.

Very truly yours,

**MORRISROE & ASSOCIATES, LTD.**

John R. Madden
JRM/pg
Enc.

49



IDOC INMATE MAIL

US POSTAGE >> PITNEY BOWES

$ 010.60°
ZIP 60403
02 1W
0001364077 FEB 17 2016

**RECEIVED**

FEB 1 9 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

*Legal Mail*

Mr. Edward Hanks N-21633
P.O. Box 112 Joliet, Ill.
60434

Prisoner Correspondence

Clerks Office
U.S. District Court
219 South Dearborn St.
Chicago, Illinois 60604

16-cv-2471
Judge James B. Zagel
Magistrate Judge Sidney I. Schenkier
PC9

*Legal Mail*

*Legal Mail*

